**Amado MIRANDA, an individual; Esperanza Miranda, an individual, Plaintiffs–Appellants,**

v.

**Janet RENO, Attorney General of the United States of America; Does 1–100, Defendants–Appellees.**

No. 99–56359.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 12, 2000

Filed Feb. 7, 2001

---

Before: BOOCHEVER, TASHIMA, and TALLMAN, Circuit Judges.

RICHARD C. TALLMAN, Circuit Judge:

Amado Miranda sought judicial review by the district court of a final order of removal, invoking 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question) as alternative grounds for jurisdiction. The district court dismissed Miranda's case for lack of jurisdiction, finding that recent changes in immigration law precluded judicial review of his claims. We must determine whether the district court retains jurisdiction to review Miranda's claims under either § 2241 or § 1331. We hold it does not.

I

Miranda was admitted to the United States as a legal permanent resident in 1970. He lived in the United States with his wife, a United States citizen, until he was removed in 1998.

■ In 1983, Miranda was charged in California state court with committing a lewd act upon a minor, a felony violation of California Penal Code § 288. He alleges that he pled guilty after both the prosecutor and the court assured him that conviction on the charge would not adversely affect his immigration status.[1] He served a short sentence in a county jail.

In 1996, Congress passed an amendment to the Immigration and Nationality Act entitled the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). *See* Pub.L. No. 104–208, 110 Stat. 3009 (1996). IIRIRA amended the definition of "aggravated felony" to include "sex-

---

Jose C. Rojo, Rojo Williams Schlegel & Moyers, San Diego, California, for the plaintiffs-appellants.

Samuel W. Bettwy, Special Assistant United States Attorney, San Diego, California, for the defendants-appellees.

1. For the purpose of reviewing the district court's dismissal of Miranda's claims for lack of subject matter jurisdiction, we must pre- sume that each of his allegations is true. *See United States v. One 1997 Mercedes, E420,* 175 F.3d 1129, 1130 n. 1 (9th Cir.1999).

ual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A) (2000). Congress provided that the new definition applied retroactively to crimes committed before IIRIRA was enacted. *Id.* Accordingly, the crime to which Miranda pled guilty in 1983 became an aggravated felony and, thirteen years after he pled guilty, Miranda became subject to expedited removal. *See* 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii) (2000).

On October 6, 1998, INS agents arrested Miranda at his home on the grounds that he was an aggravated felon subject to removal under IIRIRA. Miranda requested a hearing to determine whether or not he could remain in the United States.

At the hearing, the immigration judge found that Miranda was a removable alien by virtue of his 1983 guilty plea and ordered him removed from the United States. Miranda's counsel waived his right to appeal the order to the Board of Immigration Appeals. That day, the INS removed Miranda to Mexico.

Miranda hired new counsel following his removal and sought review in federal district court, invoking federal question and habeas corpus jurisdiction. He claimed that he was deprived of due process and that, as applied to him, IIRIRA had an unconstitutional retroactive effect. Specifically, the INS applied IIRIRA thirteen years later to remove him for a guilty plea that Miranda alleges he made in reliance on assurances by the prosecutor and the court that he could not be deported as a result.

IIRIRA streamlined removal procedures in part by precluding judicial review of final removal orders for legal aliens who have committed aggravated felonies. Specifically, IIRIRA repealed the provision pursuant to which most deportation orders (the pre-IIRIRA analog of removal orders) were subject to direct review by federal appellate courts, *see* 8 U.S.C. § 1105(a) (repealed 1996), and purported to deprive federal courts of "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. 8 U.S.C. § 1252(a)(2)(C) (2000). The district court dismissed Miranda's action. The district court held that it lacked subject matter jurisdiction over Miranda's claims for three reasons: (1) the Act eliminated habeas corpus jurisdiction for resident aliens challenging final orders of removal; (2) Miranda could not invoke habeas corpus jurisdiction because he was no longer "in custody;" and (3) the court lacked authority to review the order since it had already been executed.

## II

■ We review de novo a district court order dismissing an action for lack of subject matter jurisdiction. *Milne v. Hillblom,* 165 F.3d 733, 735 (9th Cir.1999).

### A

■ The district court did not have the benefit of our recent decision in *Flores–Miramontes v. INS,* 212 F.3d 1133 (9th Cir.2000), in which we held that IIRIRA did not eliminate habeas corpus jurisdiction over removal orders. We disagree with the district court's conclusion that habeas corpus is, as a general matter, unavailable under IIRIRA. Under IRRIRA, an immigrant still in United States custody may seek habeas corpus review of a final order of removal.

### B

■ But Miranda cannot avail himself of habeas corpus jurisdiction because he has already been removed and therefore is no longer "in custody." *See* 28 U.S.C. § 2241; *see also Williamson v. Gregoire,* 151 F.3d 1180, 1182 (9th Cir.1998) ("[T]he 'in custody' requirement is jurisdictional."). Habeas corpus jurisdiction "has been extended beyond that which the most literal reading of the statute might require," *Lehman v. Lycoming County Children's Services Agency,* 458 U.S. 502, 510, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982), to individuals who, though not subject to "immediate

physical imprisonment," are subject to "restraints not shared by the public generally" that "significantly confine and restrain [their] freedom." *Jones v. Cunningham,* 371 U.S. 236, 240, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Thus, federal courts have exercised habeas corpus jurisdiction over a state prisoner released on parole, *id.,* a convict released on his own recognizance pending execution of his sentence, *Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), an individual sentenced to attend an alcohol rehabilitation program for fourteen hours, *Dow v. Circuit Court of the First Circuit,* 995 F.2d 922, 923 (9th Cir.1993), and an individual who, though not in physical custody, was subject to a final order of deportation. *Williams v. INS,* 795 F.2d 738, 744–45 (9th Cir.1986). Recently, we held that under extreme circumstances— when the INS removed an immigrant "in violation of the immigration judge's order and after interference with his right to counsel"—the district court had habeas corpus jurisdiction over an immigrant who had already been removed. *Singh v. Waters,* 87 F.3d 346, 349 (9th Cir.1996).

Such extreme circumstances do not exist here. Miranda was removed pursuant to an immigration judge's order after a hearing at which he was represented by counsel. His counsel waived Miranda's right to appeal that order to the Board of Immigration Appeals. Miranda is also not subject to restraints not shared by the public generally that significantly confine and restrain his freedom. Miranda is subject to no greater restraint than any other noncitizen living outside American borders. He cannot, however, return to the United States because he has been convicted of an aggravated felony.

No interpretation of § 2241 that is not utterly at war with its plain language permits us to exercise habeas corpus jurisdiction over Miranda's claims. Immigrants who have already been removed, such as Miranda, do not satisfy the "in custody" requirement of habeas corpus jurisdiction. We affirm the district court's holding that it lacked habeas corpus jurisdiction to hear Miranda's claims because he was no longer in custody.

## C

■ Miranda argues in the alternative that the district court must exercise federal question jurisdiction over his constitutional claims under the general federal question statute. *See* 28 U.S.C. § 1331. In IIRIRA, however, Congress expressly stripped the federal courts of jurisdiction to review final orders of removal such as Miranda's. *See* 8 U.S.C. § 1252(a)(2)(C). We affirm the district court's holding that it lacked federal question jurisdiction to hear Miranda's claims under § 1331.

## III

The district court properly dismissed Miranda's case for lack of jurisdiction.

**AFFIRMED.**