David J. DEARINGER; Natalia Volkova; Vladimir Volkov, Petitioners—Appellants,

v.

John ASHCROFT, Atty General, Respondent—Appellee.

No. 01–35321.

D.C. No. CV–98–01602–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2002.

Decided April 9, 2002.

Before POLITZ,* CANBY, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Vladimir Volkov, by his next friends, petitioned for a writ of habeas corpus ordering the Immigration and Naturalization Service to admit him into the United States from the Russian Federation. The district court dismissed the petition for lack of subject matter jurisdiction and Volkov appealed. We review *de novo* the existence of subject matter jurisdiction.[1]

Volkov claims that the district court had jurisdiction to issue the writ under *Singh v. Waters*.[2] But *Miranda v. Reno*[3] limited *Singh* to deportations where the INS procedural violations present "extreme circumstances."[4] The procedural violations alleged by Volkov do not present "extreme circumstances," as in *Singh*. Except in anomalous cases such as *Singh*, habeas corpus is a writ for getting people out (of custody), not getting in (to the United States). The district court therefore lacked jurisdiction and properly dismissed the petition.

**AFFIRMED.**

CANBY, Circuit Judge, dissenting.

---

* The Honorable Henry A. Politz, Senior United States Court of Appeals Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Ma v. Reno*, 114 F.3d 128, 130 (9th Cir. 1997).

2. 87 F.3d 346, 349–50 (9th Cir.1996).

3. 238 F.3d 1156, 1159 (9th Cir.2001).

4. *Id.*

In my view, the district court retained jurisdiction in habeas corpus under the authority of *Singh v. Waters,* 87 F.3d 346, 349–50 (9th Cir.1996), which held that deportation in violation of a stay did not defeat habeas jurisdiction. As the district court concluded, Volkov's deportation violated 8 U.S.C. § 1253(a) because the INS did not properly ascertain that the Russian Federation was willing to accept him into its territory. *See United States ex rel. Tom Man v. Murff,* 264 F.2d 926, 928 (2d Cir.1959) (deportation under third clause of § 1253 requires that recipient country be willing to accept deportee). Moreover, the INS violated its own Operating Instruction when it deported Volkov to Russia after giving him notice that he was to be deported to Ukraine. *See* Operating Instruction 243.2(f); *see also Abboud v. INS,* 140 F.3d 843, 848 (9th Cir.1998) (operating instruction that confers benefit on alien creates substantive right). Even if our rule in *Singh* was narrowed by *Miranda v. Reno,* 238 F.3d 1156, 1159 (9th Cir.2001), to "extreme circumstances," Volkov's deportation met that standard. I would therefore reverse the district court's dismissal for lack of jurisdiction.[1]

---

1. Jurisdiction is not precluded by the jurisdiction-stripping provision of 8 U.S.C. § 1252(g) because that section precludes judicial review only of discretionary decisions whether to commence proceedings, adjudicate cases, or execute removal orders. *Reno v. American–Arab Anti–Discrimination Committee,* 525 U.S. 471, 483–85, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999).

