**Joel CARRILLO, Petitioner–Appellant,**

v.

**John ASHCROFT, Respondent–Appellee.**

**No. 04–15137.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Oct. 25, 2004.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner–Appellant.

Alison E. Daw, Esq., San Jose, CA, for Respondent–Appellee.

Before TROTT and MCKEOWN, Circuit Judges, and SHADUR,* Senior District Judge.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

MEMORANDUM **

Joel Carrillo ("Carrillo") was removed from the United States on October 8, 2003. One week later he filed a petition for habeas corpus in the United States District Court, which rejected the petition after concluding that Carrillo did not meet the "in custody" requirement of 28 U.S.C. § 2241(c)(3). But because we conclude that Carrillo was removed without receiving proper notice of a decision by an immigration judge ("IJ") affecting his removal, we reverse that decision and remand this case to the district court for consideration of the substantive merits of Carrillo's claim.

Carrillo is a native and citizen of Mexico who entered the United States without inspection in 1985. He voluntarily entered into removal proceedings with the Immigration and Naturalization Service ("INS," now the Department of Homeland Security) in 2001 in the hopes of qualifying for cancellation of removal under 8 U.S.C. § 1229b(b)(1). But after he arrived some 15 minutes late for a hearing, the IJ entered a removal order in absentia on September 3, 2003. Carrillo filed a motion to rescind that order the next day.

Pursuant to the in absentia order, the INS served Carrillo with a "bag and baggage" letter instructing him to appear for removal on October 8. Carrillo complied with that letter, but he contends that he did so without any expectation that he would actually be removed because he believed that his motion to rescind was still pending—a contention confirmed (and emphasized) by the attorney who represented him both at the administrative level and in the habeas litigation before the district court and before us. Instead Carrillo was

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

informed that his motion had been rejected on September 18, and he was promptly taken into custody and removed to Mexico.

Carrillo's habeas petition was rejected by the district court because it was filed after he had already been removed from the United States. And it is indeed true that we have generally concluded that "[i]mmigrants who have already been removed ... do not satisfy the 'in custody' requirement of habeas corpus jurisdiction" (*Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir.2001)). But we have also recognized exceptions where "extreme circumstances" are present (*id.*)—most recently, *see, e.g., Rivera v. Ashcroft*, No. 03–35548, 2004 WL 2334121, at *8–*10 (9th Cir. Oct.18, 2004). This, like *Rivera* and like the *Singh* case discussed below, is a case for application of the exception rather than the rule.

Properly understood, the "extreme circumstances" exception is an interpretation of the "in custody" requirement itself. So for example, we concluded that the exception applied in *Singh v. Waters*, 87 F.3d 346, 347 (9th Cir.1996) because "Singh was unlawfully deported by the Service from the United States *and therefore remains under the restraint of an order of deportation*" (emphasis added). Or to put the matter a bit differently, an alien who is removed illegally can and should be considered still "in custody" for purposes of habeas jurisdiction despite that removal.

Carrillo argues that his removal was in fact illegal because he failed to receive notice of the denial of his motion to rescind the in absentia removal order. Carrillo's attorneys have submitted affidavits to support that claim. In attempted response, the government asserts that the "record indicates that the order was served on

September 24, 2003." Not so—instead the record is devoid of any proof of service.

All that the government adverts to in support of its assertion regarding service is a copy of a fax sent from one government entity to another on October 8, 2003. That fax does in turn include a copy of a letter dated September 24, 2003 and addressed to Carrillo's attorney, referring to denial of the motion to rescind. But such an intragovernmental fax, transmitted in October, is not itself proof that service was in fact made on the attorney two weeks earlier, and the government has presented no evidence to substantiate its claim that service actually took place at the earlier date—not even a competing affidavit to certify that its normal practice is to transmit IJ opinions through the ordinary mail.

In the face of such a complete lack of evidentiary proof, we credit the probative evidence that *has* been supplied: the affidavits submitted by Carrillo that the order was never received, buttressed as well by arguments based on substantial circumstantial evidence to the same effect. We are therefore constrained to hold, based on the record, that the denial of Carrillo's motion to rescind the order of removal was neither served on his attorney nor brought to the attention of Carrillo or his attorney in any other manner.

Finally, it is important to note that such failure to receive notice had material consequences in this case. If the government had satisfied its obligations, Carrillo would have received notice of the IJ's denial of his motion to rescind well in advance of his October 8 "bag and baggage" date. And there is no question that he then could have filed either a timely appeal with the Board of Immigration Appeals or a timely petition for habeas corpus.[1] Surely the

1. This would be true even if the government had exercised its right to remove him physi-

cally while the habeas petition was pending

government's failure to notify Carrillo of a key IJ decision should not have the consequence of stripping him of these rights.

We therefore REVERSE the decision of the district court and REMAND the case to that court for consideration of the merits of Carrillo's claim (about which we express no opinion).

---

(*Zegarra–Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir.2003)).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

