

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2006

# Kumarasamy v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 05-2323

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kumarasamy v. Atty Gen USA" (2006). *2006 Decisions.* Paper 785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2323

YOGESWARAN KUMARASAMY,
                                                Appellant

v.

ATTORNEY GENERAL OF UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND
SECURITY; JOHN CARBONE, Field Office Director,
Immigration & Customs Enforcement; VENSON DAVID,
Agent, Immigration & Customs Enforcement; BOB,
Agent, Immigration & Customs Enforcement

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 04-cv-02341
District Judge:  The Honorable William G. Bassler

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2006

Before: BARRY, SMITH and TASHIMA,[*] <u>Circuit Judges</u>

(Opinion Filed:  June 23, 2006)

_____

[*] The Honorable A. Wallace Tashima, Senior Circuit
Judge, United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Visuvanathan Rudrakumaran, Esq.
Suite 2309
875 Avenue of the Americas
New York, NY   10001

Counsel for Appellant


Leah A. Bynon, Esq.
Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

Counsel for Appellee

---

OPINION OF THE COURT

---

BARRY, Circuit Judge

Yogeswaran Kumarasamy appeals from the District Court's dismissal for lack of jurisdiction of his petition for a writ of habeas corpus in which he challenged his removal from the United States.  We will affirm.

## I. BACKGROUND

Kumarasamy is a native and citizen of Sri Lanka, as well as a citizen of Canada, who entered the United States on a student visa in 1984.  In 1991, he applied for asylum in the United States and for protection under the Convention Against Torture ("CAT").  Eight years later, in 1999, his application for asylum was still pending, and the Immigration and Naturalization Service ("INS") (now the Bureau of Immigration and Customs Enforcement ("BICE")) served him with a Notice to Appear.  The Notice charged him with being subject to removal under 8 U.S.C. § 1227(a)(1)(B) as an alien admitted to

2

the United States as a non-immigrant who remained in the United States for a period longer than that which was authorized. At the master calendar hearing, Kumarasamy sought asylum, protection under CAT, withholding of removal to Sri Lanka, and withholding of removal to Canada. The Immigration Judge ("IJ") scheduled an individual hearing for January 12, 2000.

Kumarasamy appeared at his individual hearing with counsel. According to Kumarasamy, the IJ summoned his attorney and the INS attorney for an informal conference prior to the commencement of the hearing. When his attorney emerged from the meeting, he informed Kumarasamy that the IJ said the Court would not grant Kumarasamy's asylum application because of his Canadian citizenship, but that it would grant his application for withholding of removal to Sri Lanka—if he withdrew all of his other claims. His attorney also told him that the IJ said he would be able to stay in the United States and work indefinitely under the grant of withholding of removal.[1] Kumarasamy agreed to this arrangement and withdrew all his claims other than withholding of removal to Sri Lanka. The IJ granted withholding of removal to Sri Lanka. For the next four years, Kumarasamy remained in the United States and received yearly employment authorization.

In December 2003, the Department of Homeland Security ("DHS") notified the IJ that he had failed to include an order removing Kumarasamy from the United States, as required when granting withholding of removal to a specific country. A DHS attorney filed a motion with the IJ to amend the original order to reflect an underlying order of removal from the United States. The IJ granted the motion and amended the order. On January 29, 2004, BICE agents took Kumarasamy into custody.

---

[1] Although withholding of removal (a.k.a. restriction on removal) only prevents removal to the specified country and does not preclude removal to a third country, commentators have noted that "[i]n practice, however, non-citizens who are granted restrictions on removal are almost never removed from the U.S." Weissbrodt, David & Laura Danielson, *Immigration Law and Procedure* 303 (5th ed. 2005).

Kumarasamy contends that his attorney filed a motion for a bond hearing the next day, and a hearing was held before the IJ on February 5, 2004. At the bond hearing, the IJ asked the BICE attorney why Kumarasamy was being detained when he had been granted withholding of removal. The BICE attorney explained that Kumarasamy was being deported to Canada. The IJ told Kumarasamy's attorney to file a motion to stay the deportation, which he promised to sign.[2] At 9:00 the next morning, BICE agents put Kumarasamy on a plane at the airport in Newark and deported him to Canada.[3] His attorney filed a motion for a stay two hours later at 11:00 am.

Kumarasamy and his attorney claim that they were never notified of the December 2003 motion to amend the order, or the subsequent amendment. Accordingly, on May 19, 2004, Kumarasamy filed a petition for habeas corpus in the United States District Court for the District of New Jersey, alleging that the deportation was illegal as there was no order of removal. The government filed a response and attached a copy of the amended order. The District Court held that an alien seeking reentry into the United States is not "in custody" for purposes of 28 U.S.C. § 2241, and dismissed the petition for lack of jurisdiction. Kumarasamy timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

On May 11, 2005, while this appeal was pending, the REAL ID Act of 2005, Pub L. No. 109-13, 119 Stat. 231, took effect. Under the Act, a petition for review is "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Accordingly, habeas petitions challenging orders of removal that were pending before a district court, or on appeal to a court of appeals, on the effective date of the Act are

---

[2] The transcript of the hearing is not in the record. The government neither confirms nor denies Kumarasamy's description of what occurred and what was said.

[3] Kumarasamy claims that he was not allowed to call his attorney or his wife prior to his deportation.

4

converted to petitions for review. REAL ID Act § 106(c); *Bonhometre v. Gonzalez*, 414 F.3d 442, 446 (3d Cir. 2005).[4] Because Kumarasamy's appeal from the dismissal of his habeas petition was pending before this Court on the effective date of the Act, the government argues that the REAL ID Act applies, and that we must treat the appeal as a petition for review. We disagree.

Kumarasamy is not seeking review of an order of removal. Rather, he claims that his deportation was illegal because there was *no* order of removal. Even after receiving a copy of the amended order, Kumarasamy continues to assert that "[t]he heart of [his] Habeas Petition is that there was no such order of removal." (Appellant's Reply Br. at 2.) He contends that this assertion insulates his appeal from the purview of the REAL ID Act, under which a petition for review is "the sole and exclusive means for judicial review *of an order of removal*." 8 U.S.C. § 1252(a)(5) (emphasis added). This, we note, is one of those cases in which examination of the jurisdictional element requires us to determine whether, and to what extent, review is sought of the merits. *See Patel v. Ashcroft*, 294 F.3d 465, 468 (3d Cir. 2002) (describing the judicial inquiry as a "back-door merits inquiry because the former supplies the answer for the later"), *superseded by statute on other grounds*. The REAL ID Act applies, by its own terms, only to cases in which the petitioner seeks review of a final order of removal. Here, Kumarasamay is not arguing that if the removal order in his case was validly issued, that order does not lawfully authorize his removal from the United States – he is not, in other words, seeking review *of* a removal order. Instead, Kumarasamy is arguing that his removal was improper because there was no removal order at all (even though, of course, one was issued, albeit belatedly).

---

[4] In such cases, we "vacate and disregard the District Court's opinion and address the claims raised in [the petitioner's] habeas petition as if they were presented before us in the first instance as a petition for review." *Kamara v. Attorney General*, 420 F.3d 202, 210 (3d Cir. 2005).

5

Accordingly, given the unusual circumstances of this case, we will not convert this appeal into a petition for review. "In reviewing [on appeal] a federal habeas judgment, we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its findings of fact." *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002) (internal quotation marks and citation omitted).

## III. DISCUSSION

For a court to have jurisdiction over an immigration-related habeas corpus claim, the petitioner must be in the "custody" of the federal immigration agency. *See* 28 U.S.C. § 2241(c); Gordon, Charles, Stanley Mailman & Stephen Yale-Loehr, *Immigration Law and Procedure* § 104.04 (2005). The District Court determined that exclusion from the United States did not constitute "custody" for the purposes of § 2241, and dismissed the petition for lack of jurisdiction. We agree that the District Court lacked jurisdiction.

We agree with the District Court that Kumarasamy was not in custody when he filed his petition. An individual need not be incarcerated to be considered in custody for purposes of § 2241. *See Jones v. Cunningham*, 371 U.S. 236 (1963); *Jordon v. Attorney General*, 424 F.3d 320, 325 n.6 (3d Cir. 2005). Indeed, in the criminal context, an individual who is on parole or released on his or her own recognizance is deemed in custody because of the significant restrictions imposed on his or her freedom. *See Jones*, 371 U.S. 236; *Hensley v. Municipal Court*, 411 U.S. 345 (1973). In the immigration context, several of our sister circuits have held that an individual subject to a final deportation order issued by the INS or its successor agency is in custody for § 2241 purposes. *See Simmonds v. INS*, 326 F.3d 351, 356 (2d Cir. 2003); *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001); *Mustata v. United States Dep't of Justice*, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995). The question presented in this case, however, is slightly different: Whether an individual who has already been removed from the United States at the time he files a habeas petition meets the custody requirement. We find that he does not.

A petitioner who has been removed from the country is "not subject to restraints not shared by the public generally that significantly confine and restrain his freedom. [He] is subject to no greater restraint than any other non-citizen living outside American borders." *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001). *See also Patel v. U.S. Attorney General*, 334 F.3d 1259, 1263 (11th Cir. 2003). As the Ninth Circuit explained in *Miranda*, "[n]o interpretation of § 2241 that is not utterly at war with its plain language permits us to exercise habeas corpus jurisdiction" when the petitioner has already been removed from the country. *Id.*[5] Accordingly, we hold that petitioners who have already been removed from the country do not satisfy the "in custody" requirement for habeas corpus jurisdiction. Because Kumarasamy had already been removed from the country when he filed his habeas petition, the District Court lacked jurisdiction to consider it.[6]

---

[5] In *Miranda*, the Ninth Circuit preserved an "exceptional circumstances" exception to the general rule that district courts do not have jurisdiction over petitioners who have already been removed. *Miranda*, 238 F.3d at 1159. While we do not rule out the possibility that a district court could potentially exercise jurisdiction in a situation where exceptional circumstances would otherwise effect a miscarriage of justice, we do not believe such circumstances exist in this case.

[6] Importantly, what matters for the "in custody" requirement is whether the petitioner was in custody *at the time his habeas petition was filed*. *See Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). As long as the petitioner was in custody when he filed his petition, a subsequent release from custody (e.g. a subsequent removal) will not divest the court of jurisdiction.

7

## IV. CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court dismissing Kumarasamy's habeas petition for lack of jurisdiction.[7]

---

[7] We note, however, that the IJ has discretionary authority to reopen a case upon his own motion at any time pursuant to 8 C.F.R. § 1003.23(b)(1), and may choose to do so here. If Kumarasamy's version of the events is accurate, the course of action pursued by BICE appears harsh and somewhat disturbing.