**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-55292 |
| Plaintiff - Appellee, | D.C. Nos.   2:08-cv-04988-DSF |
| | 2:06-cr-00387-DSF-2 |
| v. | |
| ALI AGLLAH ALBWUL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 6, 2010[**]
Pasadena, California

Before: PREGERSON, CLIFTON, and BEA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Ali Agllah Albwul ("Albwul"), a native and citizen of Jordan, appeals the district court's denial of his motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Because Albwul was removed from the United States to Jordan on May 13, 2010, he is no longer "in federal custody" and his § 2255 motion is moot.

"Immigrants who have already been removed . . . do not satisfy the 'in custody' requirement of habeas corpus jurisdiction." *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001). But if an alien files a habeas petition *prior* to his removal from the United States, his subsequent removal does not moot the case if there are "collateral consequences arising from the deportation that create concrete legal disadvantages." *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir. 2003). Still, "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Though Albwul filed his § 2255 habeas petition prior to his removal to Jordan, the relief he seeks—rescission of a stipulated judicial order of removal—would not redress the collateral consequences of his deportation. His convictions on two controlled substance-related felonies render him permanently inadmissible to the United States. 8 U.S.C. § 1182(a)(2)(A)(i)(II). Albwul also

2

admitted to entering into a fraudulent marriage to obtain permanent resident status, rendering him inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(C)(i). Because Albwul is permanently barred from the United States on wholly separate grounds, rescission of the stipulated order of removal cannot meaningfully affect his admissibility and hence cannot serve as a collateral consequence that would prevent mootness.

We therefore DISMISS the appeal of the denial of Albwul's 28 U.S.C. § 2255 motion as moot.