Sixtos MERLAN, Petitioner–Appellant,

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent–Appellee.

No. 11–20366
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 2011.

Roberto M. Hinojosa, Houston, TX, for Petitioner–Appellant.

Bradley Bruce Banias, Trial Atty., U.S. Dept. of Justice, OIL, Washington, DC, for Respondent–Appellee.

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:

Sixtos Merlan, a native and citizen of Mexico, appeals the district court's dismissal for lack of subject matter jurisdiction of his 28 U.S.C. § 2241 habeas petition challenging the removal order

resulting in his deportation to Mexico. Merlan argues that he is "in custody" within the meaning of § 2241 because he is being restrained from returning to the United States despite his wrongful removal. The respondent argues that Merlan is not "in custody" for habeas jurisdictional purposes and further that the REAL ID Act precludes the district court from having jurisdiction to address a habeas petition challenging a final removal order.

■ Review of an order granting a dismissal under Federal Rule of Civil Procedure 12(b)(1) is de novo. *Taylor v. Acxiom Corp.*, 612 F.3d 325, 331 (5th Cir. 2010). Dismissal is mandatory if the district court lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

■ Although an applicant need not be in actual physical custody to pursue a habeas action, there must be some type of restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236, 238–40, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir.2003). We have not previously determined whether an alien who has been finally removed from the United States could be considered "in custody" for habeas purposes. However, several other circuits have determined that an alien who has been deported pursuant to a final removal order is not "in custody" for habeas purposes. *See Kumarasamy v. Attorney General*, 453 F.3d 169, 173 (3d Cir.2006); *Patel v. U.S. Attorney General*, 334 F.3d 1259, 1263 (11th Cir.2003); *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir.2001). We agree with and adopt the reasoning in those cases.

■ Because Merlan has failed to show that his deportation was the result of any extreme circumstances or that he is subject to any restraints in Mexico not experienced by other non-citizens who lack the documentation to enter the United States, he has not shown that he is "in custody" within the meaning of § 2241. Further, the district court did not have jurisdiction to review the final removal order pursuant to the provisions of the REAL ID Act. *See* 8 U.S.C. § 1252(a)(5); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir.2005).

Because the district court lacked jurisdiction in this case, it is not necessary to address Merlan's argument that the United States Attorney General is his "custodian" within the meaning of § 2241.

The district court did not err in dismissing the petition for lack of subject matter jurisdiction. The judgment is AFFIRMED.