# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

No. 11-20366
Summary Calendar

Lyle W. Cayce
Clerk

SIXTOS MERLAN,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3648

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sixtos Merlan, a native and citizen of Mexico, appeals the district court's
dismissal for lack of subject matter jurisdiction of his 28 U.S.C. § 2241 habeas
petition challenging the removal order resulting in his deportation to Mexico.
Merlan argues that he is "in custody" within the meaning of § 2241 because he
is being restrained from returning to the United States despite his wrongful
removal. The respondent argues that Merlan is not "in custody" for habeas
jurisdictional purposes and further that the REAL ID Act precludes the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court from having jurisdiction to address a habeas petition challenging a final removal order.

Review of an order granting a dismissal under Federal Rule of Civil Procedure 12(b)(1) is de novo. *Taylor v. Acxiom Corp.*, 612 F.3d 325, 331 (5th Cir. 2010). Dismissal is mandatory if the district court lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Although an applicant need not be in actual physical custody to pursue a habeas action, there must be some type of restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236, 238-40; *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). We have not previously determined whether an alien who has been finally removed from the United States could be considered "in custody" for habeas purposes. However, several other circuits have determined that a alien who has been deported pursuant to a final removal order is not "in custody" for habeas purposes. *See Kumarasamy v. Attorney General*, 453 F.3d 169, 173 (3rd Cir. 2006); *Patel v. U.S. Attorney General*, 334 F.3d 1259, 1263 (11th Cir. 2003); *Mirando v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001). We agree with and adopt the reasoning in those cases.

Because Merlan has failed to show that his deportation was the result of any extreme circumstances or that he is subject to any restraints in Mexico not experienced by other non-citizens who lack the documentation to enter the United States, he has not shown that he is "in custody" within the meaning of § 2241. Further, the district court did not have jurisdiction to review the final removal order pursuant to the provisions of the REAL ID Act. *See* 8 U.S.C. § 1252(a)(5); *Rosales v. Bureau of Immigration and Customs Enforcement,* 426 F.3d 733, 735 (5th Cir. 2005).

Because the district court lacked jurisdiction in this case, it is not necessary to address Merlan's argument that the United States Attorney General is his "custodian" within the meaning of § 2241.

No. 11-20366

The district court did not err in dismissing the petition for lack of subject matter jurisdiction.  The judgment is AFFIRMED.