# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10693
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

JAMES DONALD RUSSIAN,

Petitioner-Appellant

v.

RODNEY W. CHANDLER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-351

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

James Donald Russian, federal prisoner # 24285-031, was convicted in the District of Kansas on various weapons and narcotics charges, as well as of contempt of court, and was sentenced to 137 months of imprisonment. While his appeal from that judgment was pending in the Tenth Circuit, Russian filed a 28 U.S.C. § 2255 motion challenging his sentences. He also filed a 28 U.S.C. § 2241 petition in the Northern District of Texas (the district court), where he is confined. In light of Russian's pending Tenth Circuit appeal, the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court dismissed the petition for lack of jurisdiction.[1]  Russian now appeals to this court.

Russian's § 2241 petition does not challenge the conditions of his confinement but, rather, the legality of his underlying convictions and sentences; therefore, it is properly construed as a § 2255 motion.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  However, because Russian was sentenced in the District of Kansas, the Northern District of Texas lacked jurisdiction to so construe it.  *See* § 2255(a); *Pack*, 218 F.3d at 451; *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  The district court thus properly disposed of Russian's petition according to the law governing improperly filed § 2241 cases.  On appeal, we review the dismissal of a § 2241 petition on jurisdictional grounds de novo.  *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011).

Russian does not challenge the district court's finding that it lacked jurisdiction over his § 2241 petition.  Although pro se briefs are to be liberally construed, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Russian's failure to address the basis of the district court's action "[i]n practical effect . . . is the same as if he had not appealed that judgment."  *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Moreover, Russian's argument that as a purported subject of the sovereign Republic of Kansas, he is not subject to the criminal laws of the United States does not "involv[e] legal points arguable on their merits."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, we dismiss the appeal as frivolous.  *See* 5TH CIR. R. 42.2.

APPEAL DISMISSED.

---

[1] Following the filing of the notice of appeal in this case, the Tenth Circuit affirmed Russian's convictions, vacated his sentences in part, and remanded for resentencing. *United States v. Russian*, ___ F.3d ___, No. 15-3213, 2017 WL 676501 (10th Cir. Feb. 21, 2017).