**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON ORTEGA-RAMOS, | No. 19-55194 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-02901-LAB-NLS |
| v. | |
| GREGORY ARCHAMBEAULT, Field Office Director, Dept. of Homeland Security, Immigration and Custom Enforcement, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 12, 2019**
Pasadena, California

Before: BOGGS,*** WARDLAW, and BEA, Circuit Judges.

Leon Ortega-Ramos appeals the district court's order dismissing his petition

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's determination that it lacks jurisdiction to entertain a habeas petition. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). We affirm.

The district court correctly concluded that it lacked jurisdiction because Ortega-Ramos is not "in custody" within the meaning of 28 U.S.C. § 2241. To be in custody, Ortega-Ramos must be subject to "'restraints not shared by the public generally' that 'significantly confine and restrain [his] freedom.'" *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240, 243 (1963)). That is not the case here.

Although Ortega-Ramos claims that he is "in custody" because he has been barred from entering the United States, the district court correctly found that Ortega-Ramos was not excluded, and was not barred from entering the United States on a basis other than the lack of a residence card. Ortega-Ramos freely left the United States and he has not pointed to a formal order of removal or exclusion to support his claims. In addition, it is unclear on this record whether Ortega-Ramos's lawful permanent residency status has actually been rescinded. Even absent a valid lawful permanent residence card, he may be able to re-enter the country legally on a non-immigrant visa. None of the cases Ortega-Ramos cites to support his assertion that he is in custody addresses the factual allegations here.

2

The district court also correctly concluded that Ortega-Ramos is not "in custody" by virtue of the loss of the benefits that attach to lawful permanent residency status, such as his Social Security benefits and his ability to live and work permanently in the United States. "[F]ederal habeas jurisdiction does not operate to remedy economic restraints." *Tavares v. Whitehouse*, 851 F.3d 863, 870 (9th Cir. 2017) (citation omitted).

**AFFIRMED.**