FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

BANI MORENO,

    Petitioner - Appellant,

v.

ATTORNEY GENERAL, DHS/ICE/DOJ,

    Respondent - Appellee.

No. 25-6077
(D.C. No. 5:25-CV-00052-R)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Bani Moreno was removed from the United States in 2022. In 2025 he filed an application under 28 U.S.C. § 2241 challenging the removal proceeding. The district court determined that it lacked jurisdiction to consider the § 2241 application because Mr. Moreno was not "in custody" when he filed it, and then it denied his motion for reconsideration under Fed. R. Civ. P. 59(e). Mr. Moreno appeals from the dismissal

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of his application and the denial of his motion.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.[1]

## BACKGROUND

A jury convicted Mr. Moreno of several federal drug-trafficking crimes, and

this court affirmed.  *United States v. Moreno*, 607 F. App'x 775, 775-76, 779

(10th Cir. 2015).  Mr. Moreno then filed an unsuccessful motion under 28 U.S.C.

§ 2255.  *United States v. Moreno*, 655 F. App'x 708, 710 (10th Cir. 2016).

Mr. Moreno was a lawful permanent resident of the United States. But his

convictions made him eligible for removal, and once he was released from prison, he

was transferred to the custody of United States Immigration and Customs

Enforcement (ICE).  After an expedited removal process, in September 2022 ICE

removed him from the United States.  Although he uses an Oklahoma address for

mail, Mr. Moreno avers that he has not returned to the United States and instead

remains in Mexico.

In January 2025 Mr. Moreno filed a § 2241 application challenging his

expedited removal proceedings.  He alleged that the removal process violated his

right to due process because he was denied a fair hearing, was denied the opportunity

to challenge his removal before he was removed, had limited to no access to counsel

---

[1] Mr. Moreno does not require a certificate of appealability to appeal the dismissal of his § 2241 application because he challenges federal proceedings. *See Hunnicutt v. Hawk*, 229 F.3d 997, 998 (10th Cir. 2000) (per curiam).

and legal resources, was coerced into submitting his fingerprints, and was coerced into signing documents he did not understand.

A magistrate judge directed the government to respond. After the case was reassigned, however, the newly assigned magistrate judge vacated the orders to respond because she had "determined that a response from Respondents is no longer necessary." R. vol. I at 46. Recognizing that § 2241 requires an applicant to be "in custody," she recommended that the district court dismiss the habeas application for lack of jurisdiction because Mr. Moreno "no longer was 'in custody' upon his removal from the United States." *Id.* at 57. She also recommended the district court impose filing restrictions.

Mr. Moreno filed objections, and the government responded. Mr. Moreno then moved to strike the response, asserting that the government had violated the court's prior directive not to respond.

The district court took up together the report and recommendation, the objections, and the motion. It denied the motion to strike, stating that Mr. Moreno's "arguments are misplaced" and "[i]n any event, the Court would reach the same result even without considering" the response. *Id.* at 83 n.1. It rejected Mr. Moreno's objections, adopted the report and recommendation (except the recommendation to impose filing restrictions), and dismissed the § 2241 application for lack of jurisdiction. Although it declined to impose filing restrictions, the court warned Mr. Moreno that "abusive or repetitive filings may result in future filing restrictions." *Id.* at 85.

3

Mr. Moreno filed a Rule 59(e) motion requesting reconsideration because the court had not addressed several of his "key objections." *Id.* at 87. He asserted that the court had not conducted a de novo review, but instead had merely rubber-stamped the report and recommendation. In addition to arguments regarding his custody status and alleged due-process violations by ICE, he asserted that the court improperly relied on the government's response to his objections. He also stated that recent contacts from a probation officer suggested retaliatory enforcement in violation of the First Amendment, and he requested coram nobis relief as an alternative remedy.

The district court denied the motion, stating that "[t]he Court is well aware of its duty to make a de novo determination and did so in this matter," and "[t]he fact that the Court ultimately agreed with the Report's analysis and conclusions, and did not find [Mr. Moreno's] objections persuasive, does not suggest that the Court did not conduct an independent review." *Id.* at 97. It rejected the merits arguments as inappropriate attempts to rehash arguments Mr. Moreno had already made. As for Mr. Moreno's challenge to the government's response to his objections, it noted that the magistrate judge's "order addressed the need for [the government] to file a response or answer to the habeas Petition, not its ability to file a response to [Mr. Moreno's] Objection" but "[i]n any event, the issue is irrelevant because, as noted in the order adopting the Report and Recommendation, the Court would reach the same conclusions even without consideration of the [government's] filing." *Id.*

at 98.  Finally, the court determined that neither First Amendment retaliation nor coram nobis is "appropriately raised in a request for relief under § 2241."  *Id.*

## DISCUSSION

We review the dismissal of a § 2241 application de novo.  *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).  We review the denial of a Rule 59(e) motion for abuse of discretion.  *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

**I.     Mr. Moreno was not "in custody" with regard to the immigration proceedings when he filed his § 2241 application.**

As relevant here, § 2241(c) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody."  The "in custody" requirement of § 2241 is jurisdictional.  *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam); *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).  Hence, it is Mr. Moreno's burden to establish he was in custody when he filed his § 2241 application. *See Green v. Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010) ("The party invoking a court's jurisdiction bears the burden of establishing it.").

It is undisputed that Mr. Moreno filed his § 2241 application well after he was removed from the United States.  We have held in an unpublished opinion that an applicant is not "in custody" when he or she files a habeas application after being removed or deported from the country, *see United States v. Camick*, No. 17–3006, 2017 WL 11811332, at *2 (10th Cir. May 22, 2017), and numerous other circuit courts have held the same, *see I.M. v. U.S. Customs & Border Prot.*, 67 F.4th 436,

5

444 (D.C. Cir. 2023); *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (per curiam); *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 173 (3d Cir. 2006); *Samirah v. O'Connell*, 335 F.3d 545, 549-51 (7th Cir. 2003); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1158-59 (9th Cir. 2001).

The Supreme Court has defined *in custody* to include not only physical detention, but also "other restraints on a man's liberty, restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). Mr. Moreno argues that despite being outside the United States, he remains in custody because he is subject to a term of supervised release on his underlying convictions. *See, e.g.*, *United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (unexpired term of supervised release satisfies the custody requirement). He points out that after he filed his § 2241 application, he received communications from a probation officer trying to verify whether he was in Mexico.

We accept for the sake of argument Mr. Moreno's premise that removal did not terminate his term of supervised release. *See, e.g.*, *United States v. Brown*, 54 F.3d 234, 238 (5th Cir. 1995) ("[T]he courts recognize that a term of supervised release remains intact after an alien's deportation."). Even so, he has not shown that serving supervised release for the *criminal convictions* would mean that he is "in custody" for the purpose of challenging the *immigration proceeding*. *See Maleng*, 490 U.S. at 490-91 ("We have interpreted the statutory language as requiring that the

6

habeas petitioner *be 'in custody' under the conviction or sentence under attack* at the time his petition is filed." (emphasis added)).

Mr. Moreno also states he is subject to a lifetime ban on reentering the United States under 8 U.S.C. § 1326. But although the collateral consequence of reentry restrictions may keep an already-filed habeas application from becoming moot upon the applicant's removal, *cf., e.g.*, *Tapia Garcia v. I.N.S.*, 237 F.3d 1216, 1218 (10th Cir. 2001), courts have not been persuaded that a reentry restriction satisfies the "in custody" requirement, *see Samirah*, 335 F.3d at 550-51; *Patel*, 334 F.3d at 1263; *Miranda*, 238 F.3d at 1159.

For these reasons, the district court did not err in concluding that Mr. Moreno had not demonstrated he was "in custody" for purpose of challenging the immigration proceeding, and therefore it lacked jurisdiction to hear the § 2241 application. And because it lacked jurisdiction, it could not reach the merits of Mr. Moreno's arguments. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (internal quotation marks omitted)). Likewise, we cannot and do not reach the merits arguments.

## II. Mr. Moreno has not shown that the district court failed to conduct a de novo review.

Mr. Moreno asserts that the district court did not conduct a meaningful de novo review, instead merely rubber-stamping the magistrate judge's report and

7

recommendation. The district court, however, explicitly stated that it had conducted a de novo review, and it reiterated that point in denying the Rule 59(e) motion. We take the court at its word, *see Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1258 (10th Cir. 2022), since Mr. Moreno gives us no reason not to do so here. Contrary to Mr. Moreno's assertions that the district court ignored his objections, the district court discussed the most salient objections—e.g., whether he satisfied the custody requirement because he remains under supervised release and suffers collateral consequences. Although Mr. Moreno believes that the district court also should have addressed merits issues such as his due-process allegations, the court lacked jurisdiction to do so.

## III. The district court did not improperly rely on the government response.

Mr. Moreno also argues that the district court improperly relied on the government's response to his objections to the magistrate judge's report and recommendation because (1) the court had prohibited the government from responding, and (2) he was unable to file a reply to the response. The court, however, merely relieved the government of an obligation to respond to Mr. Moreno's motion; it did not prohibit the government from responding to anything, much less Mr. Moreno's objections. Further, although Mr. Moreno filed a motion to strike before the district court decided the matter, he has not shown he ever sought to file a reply.

8

**IV.    The district court did not violate Mr. Moreno's rights by warning him about potential future filing restrictions.**

Mr. Moreno challenges the district court's warning that it might, in the future, subject him to filing restrictions.  While admitting the warning is "not an operative sanction," he asserts the warning "carries potential legal and reputational consequences and was issued without notice or an opportunity to be heard."  Aplt. Opening Br. at 22.  He also contends that the warning "contributes to a chilling effect on the exercise of constitutional rights, including access to the courts and First Amendment petitioning activity."  *Id.*  It is well-established, however, that "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."  *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010).  The magistrate judge's recommendation to impose filing restrictions gave Mr. Moreno notice and an opportunity to respond, and he was successful in persuading the district court not to adopt that portion of the recommendation.  The district court was within its authority to issue the warning without any further procedures.

**V.    The district court did not err in concluding that Mr. Moreno's invocation of the First Amendment and coram nobis was misplaced.**

Mr. Moreno states that the "sudden and unusual contact" from the probation officer raises First Amendment concerns.  Aplt. Opening Br. at 21.  He also "wishes to preserve the argument for coram nobis relief as an alternative remedy."  *Id.* at 22.  But his First Amendment argument would not cure the failure to establish the custody requirement.  And the district court did not err in holding that his coram nobis

9

argument was not properly part of this § 2241 proceeding.  *See, e.g.*, *United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954) (a motion for a writ of coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding").  We decline Mr. Moreno's invitation to issue an advisory opinion regarding the availability of coram nobis.

## CONCLUSION

We affirm the district court's judgment.  We grant Mr. Moreno's motion to proceed without prepayment of costs and fees.

Entered for the Court


Harris L Hartz
Circuit Judge

10