·MATTER OF HIRA

In Deportation Proceedings

A-14493789

*Decided by Board October 29, 1965 and March 1, 1966*
*Affirmed by Attorney General September 30, 1966*

An alien who, in behalf of his employer, a Hong Kong manufacturer of custom made men's clothing, travels to various cities in the United States to take orders from, and the measurements of, prospective customers whom he does not solicit but by whom he is contacted as the result of literature distributed in this country by his employer; who sends the order, together with the purchase price, to his employer in Hong Kong; and who receives only expense money while in this country, his monthly salary being sent to his parents in India by his employer, is engaged in intercourse of a commercial character, and, having indicated he would return to Hong Kong at the termination of his authorized stay, his sojourn here is of a temporary character, and he is eligible for nonimmigrant classification as a visitor for business under section 101(a)(15)(B) of the Immigration and Nationality Act.

CHARGES:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to maintain status of admission—Visitor for business.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Immigrant without visa [section 212(a)(20), 8 U.S.C. 1182 (a)(20)].

BEFORE THE BOARD

The case comes forward on appeal from the order of the special inquiry officer dated April 8, 1965 finding the respondent deportable on the charge contained in the order to show cause and upon the lodged charge, granting him voluntary departure with the further order that if he failed to depart when and as required he be deported to Hong Kong, in the alternative, to India.

The record relates to a native and citizen of India, 28 years old, male, single, who last entered the United States at Detroit, Michigan on or about February 12, 1965 at which time he was admitted to the

United States as a visitor for business until April 14, 1965. He had originally entered the United States on or about September 14, 1963 at Honolulu, Hawaii as a visitor for business authorized to remain in the United States until March 14, 1964. On August 26, 1964 the respondent applied for an extension of his temporary stay, setting forth the reason therefor that it was for the purpose of "for further study of market." On the basis of this application on August 27, 1964 he was granted an extension of his stay in the United States as a visitor for business for a period to expire April 14, 1965. The order to show cause was served March 2, 1965 and the hearing in deportation proceedings was held on March 25, 1965.

At the deportation hearing the respondent presented an Indian passport issued at Hong Kong on May 19, 1962 valid to May 18, 1965. The passport contains a "B-1" nonimmigrant visa issued to him at the American Embassy at Hong Kong on September 4, 1963 valid for an unlimited number of admissions to the United States to March 4, 1964. The application for a passport (Ex. 2) indicates that a Mr. Melwani, manager of Mohan's, the respondent's employer, appeared at the Consulate on March 15, 1963 and stated that the respondent would be selling clothes at the New York store. On September 4, 1963 the application for a visa contains a notation that Mr. Melwani has submitted a statement indicating that the respondent is being sent to take orders for the Hong Kong store and the visa was issued on that date to the respondent.

The facts concerning the nature of the respondent's employment are not in dispute. The respondent, in behalf of his employer, Mohan's, Ltd., of Hong Kong, travels to various cities in the United States taking the customers' measurements. The purchase price of the merchandise is sent to the employer in Hong Kong, either by the respondent or directly by the customer. The respondent testified that he does not solicit customers in the United States but takes orders only from persons who contact him as a result of literature distributed by his employer in this country making known his itinerary, the items he has available for sale and in what hotel he may be contacted.

The respondent testified that he works on a straight salary basis plus an allowance for living and business expenses. His salary is $600 Hong Kong a month, amounting to approximately $100 U.S. He testified he receives no percentage of the value of the orders which he takes but might receive a bonus depending on the volume of business upon his return to Hong Kong. While the respondent is in the United States his employer sends his monthly salary to his

parents in India. The expense money is estimated to amount to about $800 per month. He has no other income than that received from his employment by Mohan's Ltd., of Hong Kong.

The respondent has denied that the use of the terms "study the United States business market" and "further study of business market" in his applications for extension of temporary stay (Exs. 3 and 4) were designed to be vague or misleading. He explained that according to his understanding, further study of the market is the same as the business he was doing: a notice would be sent to Hong Kong and the company in Hong Kong would obtain a further extension for the study of the market because they would have knowledge of how much more business they could secure from the United States and he would inform them as to colors and styling which would be in fashion in the United States (pp. 36-37, 57-59). The record indicates that the respondent's employer in Hong Kong buys American textiles. The respondent also testified that his employer formerly made sales in this country entirely through the use of catalogs and other literature and that the individual under such circumstances took his own measurements and then sent the orders to Hong Kong. The respondent displays swatches of materials and he takes measurements in order to overcome complaints arising out of poor fit. The price of men's suits varies from $75 to $95, including the customs duty which must be paid by the purchaser upon receipt of his suit, the duty averaging about 20 percent of the cost of the garment which is custom made. The respondent's absence to Canada on or about February 12, 1965 was only for a few hours and apparently he was admitted upon the basis of his nonimmigrant visa.

Section 101(a)(15)(B) of the Immigration and Nationality Act defines the term "immigrant" to mean every alien except an alien who is within one or more of the following classes of nonimmigrant aliens:

(B) an alien (other than one coming for the purpose of studying or of performing skilled or unskilled labor or as a representative of foreign press, radio, film, or other foreign information media coming to engage in such vocation) having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure; * * *

Under the heading of "TEMPORARY VISITORS", 22 CFR 41.25 provides:

*Temporary visitors for business and pleasure.*
(a) An alien shall be classified as a nonimmigrant visitor for business or pleasure if he establishes to the satisfaction of the consular officer that he

qualifies under the provisions of section 101(a)(15)(B) of the Act and that: (1) he intends to depart from the United States at the expiration of his temporary stay; (2) he has permission to enter some foreign country upon the termination of his temporary stay; and (3) adequate financial provisions have been made to enable him to carry out the purpose of his visit and to travel to, sojourn in, and depart from the United States.

(b) The term "business", as used in section 101(a)(15)(B) of the Act, refers to legitimate activities of a commercial or professional character. It does not include purely local employment or labor for hire. An alien seeking to enter as a nonimmigrant for employment or labor pursuant to a contract or other prearrangement shall be required to qualify under the provisions of section 41.55. An alien of distinguished merit and ability seeking to enter the United States temporarily with the idea of performing temporary services of an exceptional nature, requiring such merit and ability, but having no contract or other prearranged employment, may be classified as a nonimmigrant temporary visitor for business.

The case is one of first impression. Considerable difficulty has been experienced in the past in arriving at a clear and workable definition of "business" within the contemplation of the statute (*Gordon and Rosenfeld, Immigration Law and Procedure*, Sec. 2.8(b)). Soon after the term visitor for business was originally designated in the Act of 1924, the Supreme Court ruled that a primary aim of the statute was to protect American labor against the influx of foreign labor, that "business" contemplated only "intercourse of a commercial character," and that persons who sought to make temporary visits to perform labor were not nonimmigrants.[1] The visitor for business designation was retained in the 1952 Act. The authors, Gordon and Rosenfeld, set forth on pages 127 to 129 of their book on "Immigration Laws and Procedures" numerous examples of cases that have been found by the Board to be *bona fide* nonimmigrants for business and those who have been found not to come within that designation. The significant considerations to be stressed are that there is a clear intent on the part of the alien to continue the foreign residence and not to abandon the existing domicile; the principal place of business and the actual place of eventual accrual of profits, at least predominantly, remains in the foreign country; the business activity itself need not be temporary, and indeed may long continue; the various entries into the United States made in the course thereof must be individually or separately of a plainly temporary nature in keeping with the existence of the two preceding considerations.[2]

In the instant case we are satisfied that the "business" in which the respondent was engaged was intercourse of a commercial character.

---

[1] *Karnuth* v. *Albro*, 279 U.S. 231 (1929).

[2] *Matter of Cortez Vasquez*, Int. Dec. No. 1342; *Matter of G—P—*, 4 I. & N. Dec. 217; *Matter of G—*, 6 I. & N. Dec. 255.

The respondent's salary is paid to him in Hong Kong (no funds accrue to the respondent in the United States). The American Consulate in Hong Kong, in granting the respondent the nonimmigrant visa as a visitor for business, had knowledge of the fact that the respondent was an order taker for the Hong Kong firm (Ex. 2). His sojourn in this country is of a temporary character, the respondent having indicated that he would return to Hong Kong upon the expiration of his temporary stay in the United States or extensions thereof.

If the respondent were engaged in taking orders for suits at a wholesale level from large distributors, there would be no questioning his status. The fact that he takes the measurements of prospective customers in the United States, in connection with the business which he does not solicit but whose customers are attracted by literature sent out by the Hong Kong firm, does not warrant a finding that the respondent is not classifiable as a visitor for business. The labor for the orders taken by the respondent is performed in Hong Kong and there appears to be no conflict with local labor. Upon a full consideration of the evidence in the case, we are satisfied that the respondent falls within the category of visitor for business as set forth in the law and regulations. The appeal will be sustained.

**ORDER:** It is ordered that the appeal be sustained and the proceedings terminated.

### BEFORE THE BOARD

The case comes forward on motion of the Service dated December 20, 1965 requesting that our order of October 29, 1965 sustaining the alien's appeal and terminating proceedings be reconsidered and the appeal be dismissed.

Briefly, the record relates to a native and citizen of India, 28 years old, male, single, who last entered the United States at Detroit, Michigan on or about February 12, 1965 when he was admitted to the United States as a visitor for business until April 14, 1965. He had originally entered the United States on or about September 14, 1963 at Honolulu, Hawaii as a visitor for business authorized to remain in the United States until March 14, 1964 which was subsequently extended to April 14, 1965. The order to show cause was served on March 2, 1965; the hearing in deportation proceedings was held on March 25, 1965, and an order of the special inquiry officer dated April 8, 1965 found the respondent deportable on the charge contained in the order to show cause and upon the lodged charge, but granted him the privilege of voluntary departure with

an automatic order of deportation to Hong Kong or in the alternative, to India, in the event he failed to depart as required. The prolongation of the time the respondent has spent in the United States by virtue of the appeal and the motion to reconsider has not been attributable to the respondent but from considerations arising out of the possible applicability of 8 CFR 3.4 wherein the departure of the respondent might be considered as a withdrawal of the appeal.

The facts as to the nature of the respondent's employment are not in dispute. In behalf of his employer, Mohan's Ltd., of Hong Kong, a manufacturer of custom or made to measure men's clothing, the respondent travels to various cities in the United States and takes orders from customers whom he does not solicit but who contact him as the result of literature distributed by his employer in this country making known his itinerary, the items he has available for sale and in what hotels he may be contacted. The respondent displays swatches of cloth from which the customer makes his choice, he takes the customer's measurements and sends the order together with the purchase price to his employer in Hong Kong. This practice succeeded a prior practice engaged in by the respondent's employer in which the employer made sales in this country entirely through the use of catalogs, the individual taking his own measurements and then sending the order to Hong Kong. However, complaints arose due to poor fit and the present procedure was adopted. The respondent earns a salary of about $100 a month plus a bonus depending upon the volume of his business, the amount of such bonus being undisclosed. The employer sends respondent's salary to his parents in India and the respondent receives only expense money amounting to about $800 per month while in the United States.

Aware that the term "visitor for business" contemplated only "intercourse of a commercial character,"[1] and bearing in mind that the significant considerations to be stressed were that there is a clear intent on the part of the alien to continue a foreign residence and not to abandon any existing domicile; the principal place of business and the actual place of eventual accrual of profits, at least predominantly, remains in the foreign country; the business activity itself need not be temporary and indeed may long continue; the various entries in the United States made in the course thereof must be individually or separately of a plainly temporary nature in keeping with the existence of the two preceding considerations, we found that the respondent fell within the category of a visitor for business

---

[1] *Karnuth* v. *Albro*, 279 U.S. 231.

as set forth in the law and regulations. We found that the business was intercourse of a commercial character, and the fact that he took measurements of prospective retail customers in the United States in connection with the business, under the circumstances of the case, did not warrant a finding that the respondent was not classifiable as a visitor for business.

We recognize that the line of demarcation between a visitor for business, and a person in seeking to enter as a nonimmigrant for employment or labor for which the procedure referred to 22 CFR 41.55, the provisions of section 214(c) of the Act and the supporting evidence required by 8 CFR 214.2(h)(ii) is applicable, is sometimes difficult to draw. However, the Act in section 101(a)(15)(B), still retains the category of a visitor for business. There is no indication that Congress intended to eliminate this category. Upon a determination that the business the respondent was engaged in was intercourse of a commercial character, and after carefully weighing the significant considerations set forth in prior administrative decisions, we came to the conclusion that the respondent was truly a visitor for business. The argument of the Service that the respondent is not a "businessman" within the meaning of the statute appears to be fallacious. The cases set forth in *Matter of G—*, 6 I. & N. Dec. 255, in note 3 list a great many cases in which it was held that the alien was entitled to the status of a temporary visitor for business. An examination of these cases shows that the great majority were aliens who could not be considered as "businessmen" or even skilled, but in every case there was involved international trade or commerce and the employment was a necessary incident thereto.

Upon a full consideration of the matters set forth in the motion, we affirm our prior decision. The motion will be denied.

ORDER: It is ordered that the motion be and the same is hereby denied.

### BEFORE THE ATTORNEY GENERAL

The decision of the Board of Immigration Appeals in this case holding the respondent Hotu J. Hira alias Harry Hira to be a temporary visitor for business within section 101(a)(15)(B) of the Immigration and Nationality Act has been certified to me by the Board for review, pursuant to 8 CFR 3.1(h)(1)(iii), upon motion of the Commissioner of Immigration and Naturalization.

For the reasons stated in the Board's opinions of October 29, 1965 and March 1, 1966 the decision of the Board of Immigration Appeals is affirmed.