## MATTER OF LAWRENCE

### In Deportation Proceedings

A–13637499

A–20493015

*Decided by Board August 4, 1975*

(1) The term "temporary" as used in section 101(a)(15)(B) of the Immigration and Nationality Act does not contemplate a potentially limitless visit to the United States.

(2) Respondents, natives and citizens of Canada, who, at the time of their last entry as nonimmigrant visitors for business, did not seek to enter the United States for a reasonably short and relatively definite period of time and were not coming here with any limited goal in mind but, instead, were entering to manage the day-to-day operations of a United States enterprise, the business activities of which do not call for their return to Canada, were not entitled to enter as visitors for business and are deportable under section 241(a)(1) of the Act because excludable at entry as immigrants not in possession of valid immigrant visas.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under section 212(a)(20) [8 U.S.C. 1182(a)(20)]— —immigrant not in possession of valid immigrant visa (both respondents)

ON BEHALF OF RESPONDENTS:
Robert O. Wells, Jr., Esquire
3300 Seattle-First National
  Bank Building
Seattle, Washington 98154

ON BEHALF OF SERVICE:
Ray A. Wolstenholme
Acting Trial Attorney

In a decision dated April 14, 1975, the immigration judge found the respondents deportable, but granted them the privilege of voluntary departure. The respondents have appealed from that decision. The appeal will be dismissed.

The respondents, husband and wife, are natives and citizens of Canada who last entered the United States in January of 1975 as visitors for business. The Service alleges that they did not then qualify as nonimmigrant visitors for business, because they were entering to work and to remain indefinitely in the United States. Unless the respondents qualified as business visitors at the time of their last entry, they are

presumed to have been immigrants and are now deportable as charged by the Service. See section 214(b), Immigration and Nationality Act.

Through a Canadian holding company, the respondents own 40 percent of the stock of Home Care, Inc. (Home Care), a company incorporated under the laws of the state of Washington in February of 1973. Home Care is in the business of purchasing improved real property, primarily single family residences, with the expectation that a profit can be made on the resale of the property after a period of market appreciation. The holding period for a particular piece of property is indefinite; however, a holding period of between two, and five years is contemplated. During this period, Home Care rents the properties. Home Care's financing appears to come both from Canadian lending institutions and from second mortgages held by the sellers of the homes.

The male respondent appears to be the person primarily, if not solely, responsible for the activities of Home Care. In the two and one half years Home Care has been in existence, he has inspected and purchased homes, contracted for their renovation, shown and rented them, and generally managed the operations of Home Care. The male respondent has been assisted in these matters by his wife; however, neither respondent draws a salary from Home Care. The respondents claim to live off the proceeds of previous investments in Canada, and they expect that their present efforts will be rewarded in the form of profits from the sale of the houses owned by Home Care.

Section 101(a)(15)(B) of the Act defines a nonimmigrant business visitor as,

> an alien ... having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business ....

The term "business" as used in section 101(a)(15)(B) has been held not to include ordinary labor for hire, but is limited to intercourse of a commercial character. See *Karnuth* v. *U.S. ex rel. Albro*, 279 U.S. 231- (1929); *Matter of Hira*, 11 I. & N. Dec. 824 (BIA 1965, 1966; A.G. 1966). The Service does not contend that the activities of the male respondent fail to come within the definition of the term "business." However, the Service alleges that the respondents do not have an unabandoned foreign residence and that their visit to the United States cannot be considered temporary. We need not resolve the question of whether the respondents have an unabandoned residence in Canada because we agree with the Service that their visit cannot be characterized as temporary.

There are no inflexible rules to be applied for determining what is "temporary" within the context of a business visit. In the past, we have indicated that the nature of the business activity itself need not be temporary. See *Matter of Hira*, supra. However, we have never held

that an alien could qualify as a business visitor if his business activities almost exclusively involved the fulltime management of a United States enterprise.

The male respondent's testimony indicates that he has devoted all of his time in recent years to the development of Home Care (Tr. p. 62). He testified that at the time of his entry he had no fixed date on which he intended to leave the United States (Tr. p. 6), and he indicated in a sworn statement taken before an officer of the Service that he hopes his position with Home Care will be permanent (Exh. 3).

The male respondent did not seek to enter the United States for a reasonably short and relatively definite period of time. Nor was he coming here with any limited goal in mind. He was, instead, entering to oversee the day-to-day operations of Home Care for an indefinite period of time. Furthermore, the male respondent's business activities in the United States do not call for his return to Canada.

It appears that the male respondent might easily decide to remain here permanently to supervise the day-to-day operations of Home Care, even though at present he may choose to return to Canada on a regular basis. The term "temporary" as used in section 101(a)(15)(B) certainly does not contemplate a potentially limitless visit to the United States. The male respondent was not entitled to enter the United States as a business visitor on the date of his last entry. Because of the female respondent's direct participation in the affairs of her husband, her case is entirely dependent upon the result in his.

Both respondents have significantly lessened their involvement in routine matters affecting Home Care since the institution of these proceedings. However, the record still indicates that the male respondent's continued presence in the United States is required to supervise the day-to-day activities of Home Care. Furthermore, the question before us is whether the respondents were admissible as business visitors at the time of their last entry, not as of today. We find that deportability has been established by clear, convincing, and unequivocal evidence.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within 48 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.