MATTER OF OPFERKUCH

In Exclusion Proceedings

A-22953714

*Decided by Board April 11, 1979*

A salaried "project specialist" who plans to enter the United States three to six times during a period of 18 months to serve as a liaison between his employer in Canada and a Texas corporation, who never solicits business in the United States, and who has as his sole purpose the gathering of pertinent information for a company in which he is not an officer or principal, comes within the definition of a nonimmigrant business visitor as that term is defined under section 101(a)(15)(B) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(B). *Matter of Neill*, 15 I&N Dec. 331 (BIA 1975), distinguished.

EXCLUDABLE: Act of 1952—Sec. 212(a)(14) [8 U.S.C. 1182(a)(14)]—Not in possession of a valid unexpired labor certification

Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—not in possession of a valid unexpired immigrant visa

ON BEHALF OF APPLICANT:
George P. Doyle, Esquire
Doyle, Denman & D'Amico
10 Ellicott Square Building
Buffalo, New York 14203

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case presents an appeal from a decision of the immigration judge on November 27, 1978, ordering that the applicant be excluded and deported from the United States. The appeal will be sustained.

The applicant is a citizen of West Germany and a landed immigrant in Canada who seeks admission to the United States for 2 or 3 days as a business visitor. He is a salaried "project specialist" for Holderbank Consulting, Ltd., a Canadian corporation founded to sell its expertise in fields related to cement manufacturing. The applicant allegedly never solicits business in the United States, but rather is a coordinator liaison between Holderbank and Kaiser Cement and Gypsum Corporation in San Antonio, Texas, examining facilities there and relaying information back to his employer in Canada. It is anticipated that he

would be required to enter this country as a liaison three to six times during the contract period of a maximum of 18 months. It would appear, therefore, that he expects to be employed in the United States for less than 8 percent of his working year.

Placing reliance upon our decision in *Matter of Neill*, 15 I&N Dec. 381 (BIA 1975), the immigration judge found that the applicant's intended activity is a personal service in the United States, independent of any other commercial activity, and not within the definition of "business" as defined in section 101(a)(15)(B) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1101(a)(15)(B). Counsel contended, both in his appeal brief and at oral argument, that the *Neill* case is totally distinguishable from the instant case.

Section 101(a)(15)(B) of the Act defines a nonimmigrant business visitor as—

> an alien ... having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business. ...

The term "business" as used in section 101(a)(15)(B) has been held not to include ordinary labor for hire, but is limited to intercourse of a commercial character. See *Karnuth v. U.S. ex rel. Albro*, 279 U.S. 231 (1929); *Matter of Hira*, 11 I&N Dec. 824 (BIA 1965, 1966; A.G. 1966). We are persuaded that the applicant does in fact come within the above definition and thus qualifies as a nonimmigrant visitor within the purview of section 101(a)(15)(B) of the statute.

In *Matter of Neill, supra*, a principal in a Canadian engineering firm, then earning approximately 30 percent of its income from clients located in the United States, averaged one or more trips a week to this country in connection with his practice. In concluding that the applicant was not engaged in "business" as that term is used in section 101(a)(15)(B) of the Act, we found that his professional activities in the United States went "well beyond functions which can be described as necessary incidents to international trade or commerce." We further found that he was "regularly performing personal services in the United States independent of any other commercial activity." The Board ordered his exclusion and deportation from this country, pursuant to section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20).

Upon review of the record, we are in agreement with the contention of counsel for the applicant that this case is clearly distinguishable from our earlier decision in the *Neill* case. The latter case concerned the active participation by a principal in the firm in negotiation and solicitation of business in this country while ostensibly here for consultation purposes only. We are satisfied that in the present case, the applicant's sole purpose in coming to this country would be to gather pertinent information for a company in which he is not an officer or

principal. Accordingly, the appeal will be sustained and the applicant granted temporary admission into the United States.

ORDER: The applicant is permitted to enter the United States for such periods of time, and under such conditions, as the District Director may impose.