**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN R.G. SMITH, *Petitioner-Appellant*, | No. 11-35556 |
| v. | D.C. No. 2:10-cv-02036-JLR |
| UNITED STATES CUSTOMS AND BORDER PROTECTION; U.S. DEPARTMENT OF HOMELAND SECURITY; ALAN BERSIN, Commissioner of US Customs and Border Protection; MICHELE JAMES, Seattle Field Office Director US Customs and Border Protection; JANET A. NAPOLITANO, Secretary of Department of Homeland Security, *Respondents-Appellees*. | OPINION |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted
August 26, 2013—Seattle, Washington

Filed January 9, 2014

Before: Michael Daly Hawkins, M. Margaret McKeown,
and Richard R. Clifton, Circuit Judges.

Opinion by Judge McKeown

## SUMMARY[*]

### Habeas Corpus

The panel denied John Smith's habeas corpus petition alleging that Customs and Border Protection unlawfully issued an expedited removal order preventing him, a Canadian, from entering the United States and imposing a five-year bar to reentry.

The panel held that because Smith was never in custody, this court lacked jurisdiction to consider his claims under 28 U.S.C. § 2241, but that it did have limited jurisdiction under 8 U.S.C. § 1252(e)(2)(B) to consider whether he was "ordered removed" under the expedited removal statute. On the merits, the panel held that Smith was not entitled to the relief he sought—a finding that the expedited removal order was unlawful. The panel held that on the narrow facts of Smith's case, this court had no jurisdiction under 8 U.S.C. § 1252(e)(2) to consider his collateral challenge.

### COUNSEL

Robert Pauw (argued), Gibbs Houston Pauw, Seattle, Washington; Lee Gelernt (argued) and Dror Ladin, American Civil Liberties Union Immigrants' Rights Project, New York, New York, for Plaintiff-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Erez Reuveni (argued), Trial Attorney, United States Department of Justice, Office of Immigration Litigation; Tony West, Assistant Attorney General, Civil Division; William H. Orrick, III, Deputy Assistant Attorney General; David J. Kline, Director, Office of Immigration Litigation, District Court Section, Washington, D.C., for Respondents-Appellees.

Greg Boos, Cascadia Cross-Border Law, Bellingham, Washington, for Amici Curiae Bellingham/Whatcom Chamber of Commerce, British Columbia Chamber of Commerce, Northwest Economic Council, and Pacific Corridor Enterprise Council.

---

## OPINION

McKEOWN, Circuit Judge:

This case asks us to consider whether a Canadian arriving at the border and subjected to expedited removal but never detained is entitled to habeas relief, under either the traditional habeas structure, 28 U.S.C. § 2241, or the more limited regime applicable to expedited removal orders, 8 U.S.C. § 1252(e)(2). John Smith was ordered removed when customs officials determined that he planned to work in the United States without documentation. Smith petitioned the court in habeas, contending that, as a Canadian, he was exempt from documentary requirements, and that customs officials therefore exceeded their statutory authority in subjecting him to expedited removal without a hearing. Because Smith was never in custody, we lack jurisdiction to consider his claims under the traditional habeas statute, 28 U.S.C. § 2241. We agree with Smith, however, that we

have jurisdiction under the limited review provisions of 8 U.S.C. § 1252(e)(2) to consider whether Smith was "ordered removed" under the expedited removal statute. We nevertheless hold that Smith is not entitled to the relief he seeks, because as applied to the narrow facts of Smith's case, § 1252(e)(2) does not permit us to consider any further collateral challenge.

## BACKGROUND

On October 12, 2009, John Smith, a citizen of Canada, drove his motor home to the Port of Entry at Oroville, Washington, and sought entry to the United States. Smith stated, when asked, that he was traveling with $8,000, and that he had no items to declare. He was referred to secondary inspection, where he filled out a form declaring $8,630 in cash. When officers from United States Customs and Border Protection ("CBP") searched Smith's motor home, they found nine cartons of cigarettes, and confronted Smith, who told them that he had an additional $20,000 in a safe under the bed. The officers found $25,000 in the safe, in cash and traveler's checks, together with flyers advertising Smith's work as a photographer. The flyers, some headlined "Photographer/Cameraman Available," advertised Smith's availability from October 2009 to April 2010 from "Tucson to Ph[oe]nix & all points between," his "flexible rates & schedule," and his expertise photographing "skydiving, motorcycle events, aircraft, and nudes." The flyers listed Smith's name and his website address, www.skydyv.com.

Believing that Smith intended to operate a business within the United States, a CBP officer took a sworn statement from him. Smith conceded that he had lied during the primary inspection process, and that he had purposefully chosen not

to report the currency he was carrying. Smith stated that he wished to enter the United States, destination Skydive, Arizona, to "skydive[,] take pictures, video and have fun." He claimed that he was "not paid to do this service," and denied that he was advertising to take pictures for commercial purposes while in the United States. In the same interview, Smith conceded that he was compensated with jump tickets and the "occasional glass of scotch," and that he sold photographs via his website.  Smith said that he had been filming jumps in the United States since 2000, and did "roughly 150 jumps" over the course of a trip. When asked whether he considered "taking pictures of people in the [U.S.] that [he] may sell later [to be] a form of work," Smith conceded that he did.

The CBP determined that Smith was seeking to enter the United States to work as a "Photographer and/or Cameraman for [his] own website," by "advertising and running a photography business in Sky Dive, AZ." The CBP therefore classified Smith as an intending immigrant under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). Because Smith lacked documentation permitting him to work in the United States, the CBP found him inadmissible under the same provision, and placed him in expedited removal proceedings as mandated by 8 U.S.C. § 1225(b)(1)(A)(i). Smith never gained entry to the United States, and was removed to Canada the same day. In accordance with the expedited removal statute, he was prohibited from entering the United States for five years.

Smith filed a petition for a writ of habeas corpus approximately one year later, arguing that the CBP exceeded its authority under the expedited removal statute, 8 U.S.C.

§ 1225(b)(1)(A)(i), and its corresponding regulations, 8 C.F.R. § 253.3. He alleged that the CBP unlawfully applied the statute to him, on the grounds that documentary requirements for entry into the United States are waived for Canadians, and that the CBP violated his due process rights in issuing the expedited removal order. Smith further alleged that the provision limiting judicial review of expedited removal orders, codified at 8 U.S.C. § 1252(e)(2), violates the Due Process and Suspension Clauses of the Constitution. Smith sought an order declaring that the expedited removal order was unlawful and without legal effect, and enjoining the government from finding him inadmissible on the basis of the order.

The district court, adopting the recommendations of the magistrate judge, dismissed Smith's suit for lack of subject matter jurisdiction, on the ground that 8 U.S.C. § 1252(e)(2) deprived it of jurisdiction to consider Smith's claims regarding the expedited removal order.

## ANALYSIS

### I.  CLAIMS UNDER 28 U.S.C. § 2241

We first address the threshold issue of jurisdiction under 28 U.S.C. § 2241.[1] Smith's claim for habeas relief fails because Smith was not in the custody of the United States at the time he filed his habeas petition. On the day of the encounter, the CBP removed Smith to Canada and left him to roam freely in his own country. Although his petition makes a passing reference to his being "in custody," he offers not a

---

[1] Neither the magistrate judge nor the district court addressed jurisdiction under 28 U.S.C. § 2241.

single fact to support that claim. When Smith filed his petition more than a year after his removal, he without question was not "in custody."

Section § 2241 requires the petitioner to be "in custody" at the time of filing for the federal courts to have jurisdiction over a habeas petition. *See, e.g.*, *Abdala v. INS*, 488 F.3d 1061, 1063–64 (9th Cir. 2007). Smith falls squarely within our precedent: a non-citizen who has "already been removed" prior to filing a habeas petition "do[es] not satisfy the 'in custody' requirement of habeas corpus jurisdiction." *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001); *cf. Zegarra-Gomez v. INS*, 314 F.3d 1124, 1127 (9th Cir. 2003) (providing that habeas relief is available, in certain circumstances, to those who have been deported but filed their petitions while in custody).

In the fourteen months between his removal and the filing of his petition, Smith was at liberty in Canada, and was never detained by the United States. Smith nonetheless claimed in his petition that he was in custody by virtue of having been removed and/or being subject to the five-year bar to reentry. Neither status constitutes "custody" for habeas purposes.

We have long held that a petitioner "cannot avail himself of habeas corpus jurisdiction" once he has been removed, because once removed, he is "no longer in custody." *Miranda*, 238 F.3d at 1158–59 (internal quotation marks omitted). Being subjected to the five-year bar is a collateral consequence of removal, *see Puga v. Chertoff*, 488 F.3d 812, 814 n.2 (9th Cir. 2007), but is not "custody" for habeas purposes. *Cf. Miranda*, 238 F.3d at 1159 (holding that the bar on petitioner's return to the United States because of an aggravated felony conviction did not constitute a restraint

sufficient to allow the federal courts to exercise habeas jurisdiction over his claims). Accordingly, Smith has failed to establish that the district court had subject matter jurisdiction to hear his claims under § 2241.[2]

## II. CLAIMS UNDER 8 U.S.C. § 1252(E)(2)

Despite the jurisdictional barriers posed by 28 U.S.C. § 2241, Smith argues that we have jurisdiction to consider his claims under the separate system of habeas review established by 8 U.S.C. § 1252(e)(2). According to Smith, his case should have been "referred to an immigration judge for a determination of whether he is admissible." Assuming, without deciding, that there is no custody requirement under § 1252(e)(2)[3], we agree with Smith that there is limited

---

[2] We decline to consider Smith's alternate claim, raised for the first time in his reply brief on appeal, that he was "in custody" on the day he filed his petition because on that day, he drove to the port of entry in Blaine, Washington, to request admission into the United States, and was referred to secondary inspection. Not only do we generally decline to consider new arguments raised for the first time on appeal, *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), especially when they are raised for the first time in the reply brief, *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986), but this claim also rests on facts and documents that were never before the district court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (stating that "[p]apers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal."). We therefore deny as moot the government's motion to strike Appendix A to Smith's reply brief. Respondents' Motion to Strike the Whole of Appendix A [. . . ], Appellate Dkt. No. 24.

[3] Although the government took the contrary position at oral argument, the government argued, before the district court, that there is no "in custody" requirement for the limited review provisions of § 1252(e)(2), and did not argue differently in its briefing on appeal. *See* Respondents'

jurisdiction to consider his case under § 1252(e)(2)(B). We nevertheless hold that Smith is not entitled to the hearing he seeks, because as applied to the limited facts of Smith's case, § 1252(e)(2) does not allow review beyond the confines of the statute.

Section 1252(e)(2) permits review of only three issues: "(A) whether the petitioner is an alien; (B) whether the petitioner was ordered removed under [the expedited removal statute, 8 U.S.C. § 1225], and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . , or has been granted asylum[.]" Where a petitioner fails to establish "any of the three permissible bases for habeas review," we lack jurisdiction to consider a collateral challenge to an expedited removal order. *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008).

Smith concedes that he is an alien, and does not argue that he falls within the third category for lawful admittees and asylees. He contends, however, that the question on which he seeks review is a version of the second permissible basis, namely that he was not "ordered removed under [8 U.S.C. § 1225]." Smith's argument, in effect, is that he was a

---

Response to Petitioner's Objections to the Magistrate [Judge's] Report and Recommendation, District Ct. Dkt. No. 26 at 12 n.7 (noting that "[a]lthough section 1252(e) refers to 'habeas,' it does not refer to full-blown habeas review of executive detention. As the court in *Li* observed, 'there is no 'in custody' requirement for the limited review provisions of section 1252(e)[.]'") (citing *Li v. Eddy*, 259 F.3d 1132, 1135 (9th Cir. 2001), *vacated on reh'g as moot*, 324 F.3d 1109 (9th Cir. 2003)). We note that the government cited an opinion that had been vacated as moot.

Canadian to whom the documentary requirements for admission did not apply, and that since he was exempt from the requirements, the CBP exceeded its authority. In other words, Smith argues that he was not "ordered removed under [8 U.S.C. § 1225]" because the CBP could not lawfully remove him under that statute. Accepting his theory at face value, Smith nonetheless cannot prevail because he was in fact removed under § 1225.

Under immigration law, a noncitizen seeking entry at the border is "presumed to be an immigrant until he establishes to the satisfaction of the . . . immigration officers, at the time of application for admission, that he is entitled to a nonimmigrant status[.]" 8 U.S.C. § 1184(b) (citing 8 U.S.C. § 1101(a)(15) (defining "immigrant" and listing classes of "nonimmigrant aliens")). Certain Canadian citizens who have established their nonimmigrant status are exempt from the documentary requirements to which other arriving aliens are subject, *see* 8 C.F.R. § 212.1(a), and are, in turn, not subject to the expedited removal statute. 8 C.F.R. § 235.3(b)(2)(i). But these exceptions apply only to nonimmigrants. *See* 8 C.F.R. § 212.1 (listing "Documentary Requirements for Nonimmigrants"). Foreign citizens, including Canadians, who are deemed to be intending immigrants are subject to documentary requirements under 8 U.S.C. § 1182(a)(7)(A)(i)(I), and are removable under the expedited removal statute, 8 U.S.C. § 1225. Whereas noncitizens planning to travel to the United States "temporarily for business or temporarily for pleasure" may be entitled to nonimmigrant status, noncitizens "coming [to the United States] for the purpose . . . of performing skilled or unskilled labor," with certain exceptions not relevant here, are presumed immigrants. *See* 8 U.S.C. § 1101(a)(15)(B) *et seq*.;

*see also* §§ 1101(a)(15)(G), (H), (I), (L), (V) (defining exceptions); 8 U.S.C. § 1184(b).

Smith failed to defeat the presumption that he should have been classified as an intending immigrant. The photographic equipment he carried, along with large quantities of undeclared cash and flyers advertising his business in Arizona, convinced the CBP that Smith intended to "work[] in the United States advertising and running a photography business," activities that surpass those permitted under the temporary visitor categories. The CBP therefore categorized Smith as an intending immigrant under § 1182(a)(7)(A)(i)(I). Under § 1184(b), Smith bore the burden of proving that his undertakings in the United States entitled him to nonimmigrant status, but Smith, who admitted that he lied at several points during the inspection process, failed to do so.[4] The CBP found Smith inadmissible under § 1182(a)(7)(A)(i)(I), and placed him in expedited removal proceedings as mandated by § 1225(b)(1)(A)(i).

Smith was "ordered removed" under § 1225. The jurisdiction-stripping statute, § 1252(e)(2) and related

---

[4] We do not evaluate the merits of the CBP's decision to classify Smith as an intending immigrant, *see* 8 U.S.C. § 1252(e)(5) (barring judicial review of "whether the alien is actually inadmissible or entitled to any relief from removal"), nor do we inquire as to whether, had Smith made an honest request to enter for business purposes, as a temporary visitor or otherwise, he might have been granted a visa to do so. *See, e.g.*, *Matter of Hira*, 11 I&N Dec. 824 (BIA 1966); *but see In the Matter of M.*, 6 I&N Dec. 533 (BIA 1955).

regulations, at least as applied to the narrow facts of Smith's case, permit us to go no further.[5]

**PETITION DENIED.[6]**

---

[5] We recognize that Canada is a valuable trading partner of the United States, and that there is a free flow of visitors to the United States from Canada. *See* Brief Amici Curiae of  Bellingham/Whatcom Chamber of Commerce *et al.* (pointing to the importance of Canada to U.S. economic and foreign relations). We are not persuaded by the argument of Smith and amici that denying relief in this case will undermine transborder relations. This opinion is limited to the specific circumstances of Smith's presentation at the border: lying to customs officers, carrying cash in excess of $10,000, and intending to work in the United States. We do not opine on the circumstances of Canadians who fall in the nonimmigrant categories and are exempt from documentary requirements, s*ee* 8 C.F.R. § 212.1, or on other circumstances involving Canadians seeking to enter the United States.

[6] Because we are reviewing Smith's petition under § 1252(e)(2), we need not reach the question whether and under what circumstances a petitioner who establishes none of the permissible bases under § 1252(e)(2) might still have claims under the Suspension Clause, U.S. CONST. ART. I § 9 cl. 2, or *INS v. St. Cyr*, 533 U.S. 289 (2001). Smith's claim that the procedures at issue here violate the Due Process Clause are foreclosed by *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950) (holding that "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned").