**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL ALLEN LEBOVITZ,

        Plaintiff - Appellant,

  v.

REBECCA KENYON, Supervisory
Registered Nurse, Tucson Complex,
Wincester Unit,

        Defendant - Appellee.

No. 12-17821

D.C. No. 4:11-cv-00369-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Arizona state prisoner Michael Allen Lebovitz appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and retaliation.  We have

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Lebovitz's Eighth Amendment claims because Lebovitz failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent in her treatment of his various medical conditions. *See id.* at 1057-58, 1060 (deliberate indifference is a high legal standard, and is met only if the defendant knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court properly granted summary judgment on Lebovitz's retaliation claim because Lebovitz failed to raise a genuine dispute of material fact as to whether defendant took an adverse action against him because Lebovitz filed grievances. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (setting forth the elements of a retaliation claim in the prison context and stating that "a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct" (citation omitted)).

The district court did not abuse its discretion by denying Lebovitz's motion to appoint counsel because Lebovitz failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Kenyon's motion to strike portions of Lebovitz's reply brief, filed on October 17, 2013, is denied as moot because we do not consider arguments raised for the first time in the reply brief, or allegations raised for the first time on appeal. *See Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1020 n.2 (9th Cir. 2014) (denying motion to strike as moot).

**AFFIRMED.**