**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS I., by and through his parent Karen I., | No. 13-16434 |
| Plaintiff - Appellant, | D.C. Nos.    1:12-cv-00342-SOM-BMK |
| v. | 1:10-cv-00381-SOM-BMK |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted June 4, 2014
San Francisco, California

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Plaintiff-Appellant Marcus I., through his parent Karen I., appeals the

district court's order affirming the hearing officer's denial of his claims that the

Hawaii Department of Education (DOE) did not offer him a free and appropriate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

public education (FAPE) in the 2008-09 and 2009-10 school years, and that the DOE improperly refused to pay for his housing expenses and reasonable visitation costs while he attended his off-island school pursuant to the stay-put provision of the Individuals with Disabilities Education Act (IDEA).

1. The hearing officer did not err in denying Marcus's claim related to the May 16, 2008 prior written notice offer. "Procedural flaws do not automatically require a finding of a denial of a FAPE." *W.G. v. Bd. of Trustees of Target Range Sch. Dist. No. 23, Missoula, Mont.*, 960 F.2d 1479, 1484 (9th Cir. 1992), *superseded in part by statute on other grounds*. They "may be harmless if they do not result in a loss of educational opportunity or significantly restrict parental participation." *K.D. ex rel. C.L. v. Dep't of Educ., Hawaii*, 665 F.3d 1110, 1122-23 (9th Cir. 2011) (internal quotation marks, formatting, and citations omitted). Here, even if the May 16, 2008 prior written notice did not make a sufficiently specific formal placement offer, that procedural error did not significantly restrict Karen's ability to participate in the development of his educational program.

The alleged error is unlike the procedural error in *Union School District v. Smith*, 15 F.3d 1519, 1526 (9th Cir. 1994), where there was never an offer of the relevant placement. In this case, among other things, the hearing officer credited

2

the DOE witnesses's testimony that, at the Individual Education Plan (IEP) meeting, the special education teacher who ran the Community-based Instruction (CBI) program at Baldwin High School discussed implementing the May 5, 2008 IEP there. Although Marcus offered contradictory testimony, we are mindful that "this court, like the district court, must give deference to the state hearing officer's findings, particularly when, as here, they are thorough and careful." *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996). Such deference is particularly warranted regarding determinations about credibility.

**2.** For similar reasons, we hold that the hearing officer did not err in concluding that the IEPs for the 2009-10 school year could be implemented in the CBI program at Baldwin High School. As the party challenging the IEPs, Marcus bore the burden of proof before the hearing officer. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005).

Although the hearing officer heard testimony from Marcus's witnesses that the IEP could not be implemented at Baldwin High School, he also heard—and reasonably credited—testimony from the DOE witnesses that supported his finding that the IEP could have been implemented there. Among other things, the DOE witnesses testified about the instruction provided in the CBI program, and about the DOE's external contracts with providers for weekend and evening after-school

services.  The DOE witnesses also testified that there were DOE speech-language therapists and occupational therapists who would provide services to Marcus as often as his IEP required.  The DOE official with responsibility over budgeting testified that the district had sufficient funds to pay the services in Marcus's IEP, including for necessary contractors, and that if there were a shortage of DOE employees who were speech or occupational therapists, the district had another contractor through which it could fill any gaps.

Marcus's argument that the DOE witnesses' testimony was "speculative" does not undermine this evidence.  Because Marcus did not move to Maui, they could only testify that had he done so, DOE would have provided him, for example, with a speech language therapist for the required amount of time, and that DOE had the resources to do so.  They could not provide direct proof of something that was never actually put into effect.  Similarly, that there was no specific contract between DOE and its contractors for Marcus does not undermine this testimony: there was testimony that DOE had a statewide contract with a specific contractor for paraprofessional services for children; there need not have been contracts for each child.

**3.**      The district court correctly held that Marcus failed to identify any particular evidence to support his claim that the hearing officer should have

awarded him additional reimbursement for visitation expenses. In the absence of any citations from Marcus, the district court was not required to search the record on its own to locate any possible evidence supporting Marcus's challenge. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001).

Moreover, the evidence in the record does not support that the visitation expenses for which the DOE already paid was unreasonable. Marcus does not dispute that DOE paid for round-trip plane tickets for Marcus and two aides, and five hours of support by two paraprofessionals on both Saturday and Sunday. The record supports that travel time for Marcus and his aides was about four to five hours each way. DOE paid for that support on both Saturday and Sunday, so there was enough funding to transport Marcus to his home on one day, and back on the next day. There was no evidence offered to establish that DOE should have paid for two aides to stay with Marcus overnight while he was with his family during visits.

**4.** The hearing officer erred by failing to consider Marcus's claim that he was entitled to reimbursement of housing expenses as a necessary related service while Marcus attended Loveland Academy pursuant to the stay-put provision of the IDEA. The hearing officer did not consider the stay-put argument and instead

5

denied reimbursement based only on his finding that the DOE had made appropriate placement offers for the 2008-09 and 2009-10 school years.

In its appellate brief, DOE argued only that Marcus had waived the stay-put related service claim by failing to raise it before the hearing officer or district court. But Marcus did raise the issue consistently in his due process request, his closing argument before the hearing officer, his district court complaint, and his district court briefing. The hearing officer and the district court erred by failing to address it.

DOE did not raise any other challenges to the stay-put residential related service claim before the hearing officer or district court, or in its briefing before us. Instead, it raised its only substantive arguments against Marcus's entitlement to this related service for the first time during oral argument before us. We generally do not consider on appeal an argument that a party failed to present to the district court or raised for the first time during oral argument, and we see no reason to depart from that general rule now. *See Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1020 n.2 (9th Cir. 2014); *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012). In particular, there are factual issues related to DOE's argument that Marcus is not entitled to the residential related expenses—such as what related expenses Marcus was entitled to at the start of the stay-put time period

6

or whether there were material changes in circumstances that affected such entitlements during the time period—that were not litigated because DOE did not address this claim or made only procedural arguments.

Accordingly, we reverse the district court's denial of Marcus's claim for reimbursement of his housing expenses as a necessary related service while he was at Loveland Academy pursuant to the IDEA's stay-put provision from November 2007 through the pendency of these proceedings. We remand to the district court with instructions to remand to the hearing officer to determine the proper amount of reimbursement. We otherwise affirm the district court's order.

Each party shall bear his or her own costs on appeal.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.