**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LACEDRIC W. JOHNSON, | No. 17-16654 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01601-LJO-SKO |
| v. | |
| J. BEJINEZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

California state prisoner Lacedric W. Johnson appeals pro se from the

district court's summary judgment for failure to exhaust his administrative

remedies in his 42 U.S.C. § 1983 action alleging constitutional violations. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Johnson did not exhaust his claims prior to initiating his lawsuit, and Johnson failed to raise a genuine dispute of material fact as to whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) (exhaustion and the availability of administrative remedies are measured at the time an action is filed); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) ("Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further [the] Congressional objectives [of the Prison Litigation Reform Act].").

We treat the judgment as a dismissal without prejudice to Johnson refiling the action.  *See McKinney*, 311 F.3d at 1200-01.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including the district court's denial of Johnson's motion to alter or amend, or allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

17-16654

Appellees' motion to strike (Docket Entry No. 22) is denied as moot because we do not consider arguments raised for the first time in the reply brief. *See Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1020 n.2 (9th Cir. 2014).

**AFFIRMED.**