**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRAIG K. POTTS; KRISTEN H. POTTS,

       Plaintiffs-Appellants,

  v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No.   20-16837

D.C. No. 2:19-cv-04965-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted July 8, 2021[**]
Portland, Oregon

Before: M. MURPHY,[***] PAEZ, and BENNETT, Circuit Judges.

Craig and Kristen Potts ("Taxpayers") filed a tax refund action under 28

U.S.C. § 1346(a)(1) for tax years 2005 and 2008 through 2013. The district court

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

granted the government's motion to dismiss, finding that the court lacked subject matter jurisdiction because Taxpayers had not fully paid their tax liabilities for each year as required under *Flora v. United States*, 362 U.S. 145 (1960). Taxpayers appeal the district court's dismissal of their refund claims for 2005 and 2013. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"The existence of subject matter jurisdiction is a question of law reviewed de novo. The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous." *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) (citations omitted).

"Full satisfaction of the income tax assessment upon which refund is sought is a jurisdictional prerequisite to maintenance of a suit for refund in the district court." *Hutchinson v. United States*, 677 F.2d 1322, 1325 (9th Cir. 1982) (citing *Flora*, 362 U.S. at 146). It is undisputed that Taxpayers still owe over $6 million in tax assessments for 2005. And we agree with the district court that Taxpayers' claim seeking the return of their payment, which the Internal Revenue Service ("IRS") applied to their 2005 tax liability, is a claim for a partial refund of their 2005 taxes. Thus, the district court correctly determined that it lacked jurisdiction over the 2005 refund claim.

Taxpayers' arguments to the contrary are unconvincing. The IRS had the authority to retain the payment and treat it as a tax payment without accepting

2

Taxpayers' compromise offer. *See* IRS Notice 2006-68, § 1.02, 2006-2 C.B. at 105 ("IRS Notice"); *see also* 26 U.S.C. § 7122(c)(1)(A)(i). Taxpayers' contract-based arguments are unavailing because there was no binding contract, as the IRS did not accept Taxpayers' offer. Finally, contrary to Taxpayers' assertion, the payment was not a "refundable deposit" under the IRS Notice, because their offer, on its face, was not based "*solely* on doubt as to liability."[1] *See* IRS Notice 2006-68, §§ 1.02, 4.03, 2006-2 C.B. at 105, 106 (emphasis added).

As to the 2013 refund claim, the district court's finding that Taxpayers had failed to fully pay their 2013 taxes was correct. A "Form 4340 is an official document which establishes that [valid] assessments were made." *Hughes*, 953 F.2d at 535; *see also id.* at 540. The government submitted a Form 4340 showing that Taxpayers have an outstanding tax liability for 2013, and Taxpayers have not challenged the validity of the form. Thus, the district court properly found that Taxpayers have not fully paid their 2013 taxes.

We reject Taxpayers' argument that the district court needed to recalculate

---

[1] We decline to consider Taxpayers' arguments based on alleged discrimination and the Internal Revenue Manual, as they raised these arguments for the first time in their reply brief. *See Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1020 n.2 (9th Cir. 2014). We also decline to consider their discrimination-based argument because it is supported by only conclusory statements with no legal analysis or citations. *See United States v. Cazares*, 788 F.3d 956, 983 (9th Cir. 2015) ("The failure to cite to valid legal authority waives a claim for appellate review.").

their correct 2013 tax liability to determine whether they fully paid their taxes, as such argument misunderstands the relevant inquiry under *Flora*'s full-payment rule. The relevant question is whether Taxpayers have fully paid the assessed amounts, not whether they have fully paid the *correctly* assessed amounts. *See Flora*, 362 U.S. at 177 ("[Section] 1346(a)(1) . . . requires full payment of *the assessment* before an income tax refund suit can be maintained in a Federal District Court." (emphasis added)).

In sum, the district court properly held that it lacked subject matter jurisdiction over Taxpayers' 2005 and 2013 refund claims.

**AFFIRMED.**